Case 1:24-cv-00857-PJG ECF No. 1, PageID.1 Filed 06/25/24 Page 1 of 8

FILED
JUN 25 2024
CLERK'S OFFICE
DETROIT

POOR QUALITY ORIGINAL

POOR QUALITY ORIGINAL

Case: 2:24-cv-11655
Assigned To : Leitman, Matthew F.
Referral Judge: Grand, David R.
Assign. Date : 6/25/2024
Description: HC DARNELL BROWN
V. MATT ROBERTS, ET AL (EV)

# Habeas Corpus § 28 U.S.C 2254

This habeas corpus describe in its fulness 3 preliminary hearings, the first one on May 8th was adjourned to May 29th with an additional charge. Both charges was examined on May 29th and the following will describe federal laws that was violated by Prosecutor Matt Roberts and Judge Christensen.

On May 8th 2024 Prosecutor Matt Roberts demonstrated actual prejudice against me in violation of the federal law by failing to disclose exculpatory and impeachment evidence that is material either to guilt or to punishment. Roberts willfully and inadvertently suppressed a written statement and a oral statement by which the victim was present in court to testify to.

1) In Strickler v Greene 527 US 263 A Brady violation includes three elements 1st the evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching. On May 8th 2024 Prosecutor Roberts had in his possession a written statement from victim and also spoke with victim and therefore recieved a oral statement. On May 29th after the victim had testified and was no longer in the courtroom, I was given a copy of a written statement from victim that in its substance was favorable to the accused. This statement was exculpatory and would have relieved defendant from the legal burden of this court. She stated that "Darnell was wrongfully arrested" and "she told officers on the scene multiple times." 2nd) the evidence must have been suppressed by the state, either willfully or inadvertently. In April upon arraignment I made a request to Judge Hayes for this written statement, she stated that she cannot disclose that information. I have also written kites to my attorney, but more over Prosecutor Roberts is assigned with the responsibility, he alone can know what is disclosed and must gauge the likely net effect of all such evidence (MCR 6.201) but even when I requested the statement thru defense attorney Brian Hoshka, Roberts stated that sense I wanted to ask for the letter and that I didn't want to waive Prelim

Page 2

that he was going to ask for an adjournment and was adding charges. I did not recieve written statement until May 29th and he never told defense about oral statement, but did in a outburst to Judge Christensen stated that "she recanted her statement" therefore revealing that her oral statement was favorable to defense. 3rd) Prejudice must have ensued. evidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the results to the proceedings would have been different. This case in light of the circumstances, hinges on the victims statement and testimony, therefore if the victim stated and willing to testify that no assault occured, then this would absolutely concur the results of the proceeding. Thus the "Brady Violation is Satisfied"

## Matt Roberts and Judge Christensen Violated the Following Federal Laws Of Criminal Procedure At First Proceeding

• Roberts asked for an adjournment due to TRP Dushane's absence but admitted that TRP Dushane was not "put on notice." Fed R Crim. P 804(B) a declarant is not unavailable under the Rules if the proponent of the hearsay caused the witness unavailibility. Rule 5.1(d) line (2) If the defendant does not consent the magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and Justice Require. MCR 6.110(B)(2) upon request of the Prosecution attorney the Preliminary examination shall commence immediately at the date and time set for the Probable cause conference for the "sole purpose of taking and preserving the testimony of the (victim) if victim is present as long as the defendant is either present in the courtroom or has waived the right to be present.

Page 3

- Victim was present. Robert made it obvious that he did not want defense to have written statement, nor to hear the testimony of the victim when MCR 6.110 8(2) states that taking the testimony of the victim is the "Sole Purpose". Roberts enacted conduct designed to prevent witness from testifying. Duan v Carter 548 F.3d 499 doctrine of forfeiture by wrong doing 128 S.CT. Fed Rule 402 written statement is admissible as long as they're relevant. Favorable evidence is material prosecutor cannot suppress see (Kyles v Whitley). Failure to request evidence does not leave Gov. free of obligation (United States v Agurs). Thus the prosecutor alone can know what is disclosed must be assigned the responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of reasonable probability is reached (MCR 6.201). Moreover the responsibility remains regardless of any failure by police to bring favorable evidence (United States v Bagley). Fed Rule 5.1(H): Rule 26.2 (A)-(d) and (F) applies at any hearing under this rule unless the magistrate judge for good cause rules otherwise in particular case. Sanctions for not producing a statement, if a party disobeys a Rule 26.2 order to deliver a statement to the moving party the magistrate judge must not consider the testimony of a witness who's statement is withheld Fed R 5.1(H)(2).

- Additional Charge - Judge Christensen arraigned me on a charge that Matt Roberts did not have probable cause to arrest me for. Charge originated March 25, 2024 the complaint was reviewed. Fed Rule Crim P 4(A) If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it.

PAGE 4

confession that he abused her alone is sufficient to establish probable cause (Klen v Long, 275 F.3d 594). Victim never stated that I did anything to her. Roberts illegally seized me against my 4th amendment right. Fed R Crim P 4(i)(A) A warrant must contain defendants name, (2)(D) must be signed by judge. Arrest without cause violates 4th amendment Donovan v Thames 105 F.3d 291,297. Matt Roberts with the help of Judge Christensen deprived me of due process. Christensen violated mich prof. Rules of Conduct 8.4(A) "when he knowingly assist or induce another to do so." he showed up on early the next morning in the place of the judge who was originally assigned to my additional charges (P. Mathes) took or substituted her place against (Ruk 8.111(C)(1) Judge assignment to assist Roberts on a malicious and wanton prosecution, made by a prosecution in a criminal proceeding without probable cause by a regular process and proceedings, which the facts did not warrant, as appears by the results. MCL 768.29 states "that it is the province of the court to make determination." Judge Christensen violated due process because he know that warrants has to be constructed by Fed Rules 4. Mishel v Karnes 397 F.3d Permissive presumption conflict with due process when the inferences they motivate are irrational. In criminal trials the Presumption of innocence is mandatory, but all other presumptions are permissive, and an attempt to establish by mandatory presumption any fact that establish guilt is an unconstitutional conflict with the Presumption of Innocence. These enacts and conduct deprive me of my due process and prejudice have ensued. In the following information I will demonstrate how Roberts conducted his insidatory presumption by legally coercing victim by way of her outstanding warrants that was never disclosed but obvious on her multiple contacts with police but was never arrested.

May 29th Preliminary Hearing    Page 5

1) Roberts coerced victim to recant her statement. Victim has 2 outstanding warrants, suspected of obstruct of Justice charges.

• On March 25, 2024 Officer Eaton made contact with victim and during contact discovered that she had two outstanding warrants. During the course of both court proceedings, Prosecutor Roberts knowly conducted interrogatorial commentative proceedings compelling victim to cooperate. Victim consistently made the same statement throught the course of my arrest (at the scene), recontact that night by Logan and Akers (I watched body camera). She wrote a statement in which I have in my possession and on the first prelim that Roberts adjourned she stated to him the same (note Roberts stated that "she recanted her statement"). On all these occasions she made the same statements even during the course of my incarceration when she totally safe. For the first and only time she stated that she don't remember. Chanllor Lord Stanther stated that "it is not admissible to do a Great Right by doing a little wrong. Roberts didn't disclose, Giglio v. United States holding that Government has due process duty to disclose impeachment evidence including "promises that the prosecution makes to key witness in exchange for testimony.

• Roberts didnot give defense Attorney Jamie Merek the written statement until victim was done with her testimony. Fed.R.Crim.P 5.1(H)(2) If a party disobeys a Rule 26.2 order to deliver a statement to the moving party the magistrate judge must not consider the testimony of a witness who statements is withheld.

• I requested to watch entire Body Cam on the record. Fed.R.Crim.P 106 Party can require other party to produce all of the recorded statement not just part. Courts never finished showing cam. After court recess.

## Additional

1) Insufficient assistants of counsel

• Brian Hostika spoke with me briefly to persuade me to waive Preliminary hearing stating that If the state trp testify that they Regardless of victim testimony would bind it to felony court violating Rule of Prof. Conduct 8.4 b) Engage in conduct involving dishonesty Fraud, deceit, misrepresentation, or violation of Criminal Law. 8.3) A lawyer having knowledge that another lawyer has committed a significant violation or that a Judge have committed a significant violation

• Frederick Johnson the supervising attorney of the Public attorney's office and the Supervisor of Brian Hostika stated that they have had many complaints about Judge Christensen and have complained themselves. Judge Christensen set my Bond at $250,000 for a case that have no warrant signature in violation of my due process and MCR 9.202 (A)-(F) I have written the Judicial tenure commission with ten no response yet.

• ~~Judge Hostik~~ Judge Kastavwn should have struck victims statement down due to written statement being withheld.

### Certificate of Service

I Darrell Brown 501833, DOB 07-28-1986 will testify in court under oath in the presents of a magistrate of this habeas corpus and the information is true to my knowledge.

*[signature]*

6-20-2024

witness Handed it to officer Cooper of muskegon county jail time- 12:00 midnight

TO: Clerk

enclosed is Habeas Corpus
Pages 1-5
Plus additional page
with Certificate of Service


FILED
JUN 25 2024
CLERK'S OFFICE
DETROIT

Name: Darnell D Brown
DOB: 7/28/1986
Inmate # 2580728
loc: Muskegon County Jail
980 Terrace Street
Muskegon, MI 49440
Pod E: Cell: E5

I would like to exaust my State Remedy foremost, due to the high volume of Retaliation, lack of cooperation by Staff (refuse to make copies, refuse to sign as witness) I am afraid to send original copy to courts. If possible I was hoping to get copies or/and send to Judge Kostrzewa he was the Judge at my preliminary examination I really need help due to the Judge here shutting my commissary off I can order envelopes nor do I have enough paper

Thank you                    6/20/2024

GRAND RAPIDS MI 493

21 JUN 2024 PM 5 L

United States District Courts
231 West LaFayette Blvd Rm 564
Detroit Michigan 48226

48226-271839

Muskegon County Jail
980 Terrace Street
Muskegon, MI 49440

Darnell Brown
Pod E:E5

S. MARSHEWS