UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARNELL D. BROWN,

               Petitioner,

v.

MATT ROBERTS, et al.,

               Respondents.

_____/

Case No. 1:24-cv-857

Honorable Phillip J. Green

## **OPINION**

Petitioner Darnell D. Brown is a detainee at the Muskegon County Jail in Muskegon, Michigan. Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his detention violates his constitutional rights.[1]  (Petition, ECF No. 1.)

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge.  (ECF No. 6.)  Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

_____

[1] When Petitioner filed his petition, he wrote "28 U.S.C. § 2254" at the top of the first page (ECF No. 1, PageID.1); however, in his petition, Petitioner challenges pending state criminal proceedings in the Muskegon County Circuit Court. Therefore, Petitioner's petition is properly filed under 28 U.S.C. § 2241, and the Court construes this habeas action as proceeding pursuant to § 2241.

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.[2]  The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings.  "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350.  "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted).  That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding— the petitioner.  Because Respondent has not yet been served, the undersigned

---

[2] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[3]  Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies.  Accordingly, the Court will summarily dismiss the petition without prejudice.

---

[3] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**<u>Discussion</u>**

**I.      Leave to Proceed *in Forma Pauperis***

The filing fee for a habeas corpus action is $5.00.  *See* 28 U.S.C. § 1914(a).
Petitioner is currently detained at the Muskegon County Jail pending state criminal
charges in the Muskegon County Circuit Court.  It reasonably appears that paying
the cost of this filing fee would impose an undue financial hardship.  *Prows v. Kastner*,
842 F.2d 138, 140 (5th Cir. 1988).  Therefore, the Court will grant Petitioner leave to
proceed *in forma pauperis*.

**II.     Factual Allegations**

Petitioner is charged with two counts of felony domestic violence, third offense,
in violation of Mich. Comp. Laws § 750.81(4).  *See* Case Details, *State of Mich. v.
Brown*,    Nos. 2024-2560-FH,    2024-2562-FH    (Muskegon    Cnty.    Cir.    Ct.),
https://micourt.courts.michigan.gov/case-search/court/C14    (select    "Case    Number
Search," enter "2024" in the first box, enter "2562" in the second box, and enter "FH"
in the third box; start a new case search, in "Case Number" section, enter "2024" in
the first box, enter "2560" in the second box, and enter "FH" in the third box) (last
visited Sept. 23, 2024).

In his petition, Petitioner contends that his constitutional rights and other
federal laws have been violated during his state criminal proceedings in Muskegon
County.  (*See generally* Petition, ECF No. 1.)  The petition is not a model of clarity;
however, Petitioner sets forth alleged violations that occurred during his preliminary
hearing, and it appears that Plaintiff seeks the dismissal of the charges against him.
(*See generally id.*)

4

### III.     Exhaustion Under § 2241

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees.  *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).  Although petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available.  Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."  *Id.* at 546 & n.1; *see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

5

Here, none of Petitioner's claims fall within any of the above-listed exceptional circumstances.  Petitioner claims that the state criminal charges against him are unconstitutional, and he seeks the dismissal of the charges against him.  (*See* Petition, ECF No. 1.)  The relief that Petitioner seeks is "not attainable by way of pretrial habeas corpus."  *Atkins*, 644 F.2d at 547.  When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings.  *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526

6

U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Here, Petitioner states that he "would like to exhaust [his] state remedy," however, Petitioner does not indicate that he has done so.  (Petition, ECF No. 1, PageID.7.) Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner.  Relief under § 2241 is not available until after Petitioner has pursued and exhausted his state court remedies.[4]

## IV.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket

---

[4] Likewise, even if Petitioner intended to proceed under 28 U.S.C. § 2254 to challenge some unspecified prior state criminal conviction, rather than the state criminal charges that are currently pending against him, Petitioner would still be required to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at 842. Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970). Petitioner has not met his burden of showing exhaustion. He has not yet presented his constitutional challenges to the Michigan Court of Appeals or the Michigan Supreme Court. Therefore, construing the petition as one filed under § 2254 would not afford Petitioner any relief.

denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment granting Petitioner leave to proceed *in forma pauperis*, dismissing the petition without prejudice for lack of exhaustion, and denying a certificate of appealability.


Dated: <u>October 2, 2024</u>          <u>/s/ Phillip J. Green</u>
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge